**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Begay,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-24-08228-PCT-SMB<br><br>**ORDER** |

The Court now considers Plaintiff Pamela Begay's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 15–27). The Court **affirms** the ALJ's decision for the following reasons.

### I. BACKGROUND

This case relates to two applications. First, Plaintiff's Title II application for DIB. Second, Plaintiff's Title XVI application for Supplemental Security Income ("SSI").

#### A. Title II Application

On February 24, 2022, Plaintiff applied for DIB, alleging a disability onset date of January 1, 2019. (AR 15.) In that application, Plaintiff noted that she also intended to apply for SSI. (AR 199.) However, Plaintiff did not file an SSI application at the time. (Doc. 10 at 2.)

Plaintiff's DIB claim was denied initially on July 22, 2022, and upon

reconsideration on May 9, 2023. (AR 15.) After an administrative hearing, an ALJ issued an unfavorable decision on May 1, 2024, finding Plaintiff not disabled. (AR 26–27.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR 1–6.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

### B. Title XVI Application

On March 1, 2024, Plaintiff applied for SSI under Title XVI. (AR 15.) That same day, Plaintiff's attorney requested that Plaintiff's SSI application be considered concurrently with her DIB claim. (*Id.*) The ALJ declined to escalate Plaintiff's SSI application, finding the two claims did not share an overlapping period of time. (*Id.*) The ALJ explained that the DIB claim involved a time period from January 1, 2019 to March 31, 2020, and the SSI claim involved a time period beginning March 1, 2024 (the date she filed her application). (*Id.*) Therefore, the ALJ did not consider Plaintiff's SSI claim in her May 1, 2024 decision. (*Id.*) Plaintiff's SSI application is currently being processed. (Doc. 17 at 1.)

## II.   LEGAL STANDARD

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

### III.   DISCUSSION

Plaintiff's appeal is puzzling. Her Complaint states she seeks review of the ALJ's denial of her Title II DIB claim. (Doc. 1 at 1.) But her Opening Brief does not challenge the ALJ's findings regarding this claim. (Doc. 10 at 2.) In fact, she concedes that the denial was "reasonable." (*Id.*) Rather, Plaintiff's Opening Brief claims that the ALJ erred in attributing a March 1, 2024 filing date to her SSI application instead of a protective filing date of February 24, 2022—the date she notified the Social Security Administration, in her DIB application, that she intended to also file an SSI application. (*Id.*) Then, Plaintiff's Reply Brief requests declaratory relief regarding her SSI application.

The Court begins with plaintiff's protective filing date request, then turns to her request for declaratory relief.

### A.   Protective Filing Date

If a social security claimant makes an oral or written inquiry about SSI benefits before filing a formal written application, the Social Security Administration will send notice that the claimant must file the intended application within sixty days of the notice. *See* 20 C.F.R. §§ 416.340, 416.345. This is known as a "close-out" notice. *See Brooker v. Colvin*, No. 13-CV-05459-WHO(WHO), 2014 WL 3870043, at *4 (N.D. Cal. Aug. 6, 2014). If the claimant timely files the application after receiving the close-out notice, the Social Security Administration will use the date of the initial inquiry as the filing date. This is known as the protective filing date. In SSI applications the filing date is important because SSI benefits "cannot precede the month following the month of application." *Gonzalez v. Comm'r of Soc. Sec.*, No. 1:25-CV-00034-KES-GSA, 2025 WL 2928696, at *6 n.7 (E.D. Cal. Oct. 15, 2025). In other words, SSI payments cannot be made retroactive to this date. *See* 20 C.F.R. §§ 416.203, 416.501.

As noted, Plaintiff filed her Title II claim on February 24, 2022. In that application, Plaintiff informed the Social Security Administration that she intended to file an application for SSI benefits. The Social Security Administration Program Operations Manual System ("POMS") states that "the title II application serves as an oral inquiry for

SSI" benefits. SSA POMS SI 00601.027(B)(2). Thus, Plaintiff had sixty days from receiving a close-out notice to file her Title XVI application to preserve her protective filing date. Plaintiff concedes that, under the POMS, "applicants filing for title II benefits receive SSI protective filing closeout language online." *See id.*; SSA POMS GN 00201.005(E)(1) ("Online closeout language closes out the oral inquiry created by the Title II application."); (Doc. 10 at 11.) Therefore, Plaintiff had until April 25, 2022 to file her Title XVI application to preserve the initial oral inquiry date.

Plaintiff did not file a formal written application until March 2024. She alleges she was under the impression that someone from the Social Security Administration would schedule an appointment with her to help her apply for SSI benefits after making her oral inquiry, which did not happen. Apparently, while applying for Title II DIB online, Plaintiff saw an information box stating: "Get Started to Apply for SSI." (AR 309.) In this box, it said: "This process takes about 5-10 minutes. We ask for basic information. After you complete the online process, a Social Security representative schedules an appointment to help you apply for benefits." (*Id.*) Following this information, there is a "Get started" button. (*Id.*) Plaintiff admits that this interface sends in "a request for contact from the field office." (*Id.*) Plaintiff does not allege that she filled out this form requesting contact from the Social Security Administration. It appears seeing this information alone led Plaintiff to believe the Social Security Administration would reach out to her regarding an SSI application, even though she was only applying for Title II DIB benefits at the time. (Doc. 10 at 8.)

Given this apparent illusion of a follow-up appointment, Plaintiff asks the Court to "remand for reconsideration of the evidence in her SSI claim with a February 28, 2022 protective filing date." (Doc. 10 at 13.) Defendant responds that this request is moot. "On June 14, 2025, the field office sent Plaintiff's SSI claim with the protective filing date of March 25, 2021, to the State agency department of disability services for an initial medical decision." (Doc. 16 at 3.) This protective filing date is nearly a year earlier than Plaintiff's requested February 28, 2022 date. It appears Plaintiff was unaware of this development

but accepts it as true. (Doc. 17 at 1.)

The Court agrees that the request is moot. Accordingly, the Court finds that remand unnecessary.

### B. Declaratory Relief

Plaintiff attempts to move the goalposts. For the first time, in her Reply brief, Plaintiff states she is seeking declaratory relief that the Social Security Administration violated her due process rights by failing to assist her in applying for SSI benefits in 2022. This requested relief is absent from Plaintiff's Complaint. "It is axiomatic that the complaint may not be amended by the briefs." *Doe v. Wolf*, 432 F. Supp. 3d 1200, 1215 (S.D. Cal. 2020) (citation modified). Therefore, Plaintiff's requested relief is not properly before the Court.

Even if it was, Plaintiff fails to allege a colorable constitutional claim, which is required for this Court to exercise "jurisdiction over a non-final decision of the Social Security Commissioner." *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). "A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (citation modified). The Court finds Plaintiff's due process argument wholly insubstantial.

A social security "claimant must show that, even in the event of a due process violation, the violation prejudices his case." *Saadat-Moghaddam v. Colvin*, No. 3:14-CV-5267-KLS, 2015 WL 457852, at *2 (W.D. Wash. Feb. 3, 2015) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1055 (9th Cir. 2012)). Plaintiff contends she did not receive close-out notice. (Doc. 10 at 9.) The POMS suggests that a Title II online applicant receives this notice on the website. *See* SSA POMS GN 00201.005(E)(1). Regardless, the Social Security Administration did not prejudice her ability to use the protective filing date she seeks. In fact, it applied an even more generous date. *See Thornton v. Astrue*, No. CV-09-0138-CI, 2010 WL 1904661, at *6 (E.D. Wash. May 12, 2010) ("Without a showing of prejudice, the procedures adopted by the Social Security administration do not

- 5 -

violate due process.").

Finally, Plaintiff argues that the Social Security Administration's delay in processing her March 2024 SSI application is "unconscionable and unconstitutional." (Doc. 17 at 2.) As admitted by Defendant, the Social Security Administration sent Plaintiff's application to the pertinent state agency department for an initial medical decision in June 2025. (Doc. 16 at 3.) It is not readily apparent to the Court that this fifteen-month delay is unconstitutional.

Section 405(b) "requires administrative hearings to be held within a reasonable time." *Heckler v. Day*, 467 U.S. 104, 111 (1984). However, the Supreme Court recognizes that "the time needed before a well-reasoned and sound disability hearing decision can be made may vary widely on a case-by-case basis." *Id.* at 115 (citation modified). "When considering whether unusual administrative delay violates a claimant's Fifth Amendment rights, '[t]here is no talismanic number of years or months, after which due process is automatically violated.'" *Cummins v. Barnhart*, 460 F. Supp. 2d 1112, 1120 (D. Ariz. 2006) (alteration in original) (quoting *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990)). Importantly, "[a]dministrative irregularities beyond the delay alone are usually required." *Id.* Therefore, the Court agrees that "it would be the extremely rare case where a Court would be justified in holding . . . that the passage of time and nothing more presents an occasion for the peremptory intervention of an outside Court in the conduct of an agency's adjudicative proceedings." *FTC V. J. Weingarten, Inc.*, 336 F.2d 687, 692 (5th Cir. 1964) (footnote omitted). Plaintiff's case does not fall within these extremely rare cases.

Plaintiff merely alleges that a fifteen-month delay is unconstitutional. *See Klemm*, 543 F.3d at 1144 ("A mere allegation of a due process violation is not a colorable constitutional claim" (citation modified)). She does not allege "other indications of a lack of evenhandedness or a dilatory attitude on the part of the agency." *Wright v. Califano*, 587 F.2d 345, 352 (7th Cir. 1978); *see also Weingarten*, 336 F.2d at 691 ("Absent proof of the normal time necessary to dispose of a similar proceeding or of facts tending to show a dilatory attitude on the part of the Commission or its staff—matters totally undeveloped on

this record—we are unable to say that a Judge can so hold."). Accordingly, the Court finds that Plaintiff's due process claim based on a delay of fifteen months—without any other supporting allegations of irregularities—is not colorable. *See Taverniti v. Astrue*, No. C04-04932 SBA, 2008 WL 8448336, at *16 (N.D. Cal. Mar. 31, 2008) (holding that a plaintiff's complaint regarding the Social Security Administration's "one-and-a-half year delay" alone did not state "a colorable constitutional claim of due process violation").

In sum, the Court finds that Plaintiff has not alleged a colorable due process claim. Therefore, the Court does not have jurisdiction to consider Plaintiff's SSI claim. Accordingly, Plaintiff must continue to exhaust her administrative remedies.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** the ALJ's May 1, 2024 decision is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk enter final judgment consistent with this Order and close this case.

Dated this 17th day of February, 2026.

Honorable Susan M. Brnovich
United States District Judge